# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.S., individually and on behalf of all other similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, d/b/a COLUMBIA UNIVERSITY, a New York corporation,<br><br>*Defendant*. | Case No. 1:24-cv-03232<br><br>**MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM AND SEAL IDENTIFYING INFORMATION** |

Plaintiff, C.S., respectfully requests leave to proceed under a pseudonym (C.S.) and seal identifying information contained in their complaint and motion for temporary restraining order. In support thereof, Plaintiff states:

1. Plaintiff has filed a class action complaint against The Trustees of Columbia University in the City of New York (d/b/a Columbia University), alleging that the University has failed to provide a safe environment for its students. Particularly, Plaintiff alleges that there have been numerous instances of harassment and threats of violence at the University against Jewish students (*see* Compl. ¶¶ 5–10), prompting the University to switch to "hybrid learning," (*see id.* ¶¶ 26–34.) Because of the sensitive nature of the case, Plaintiff seeks to protect their identity by sealing it from public records.

2. Courts in the Second Circuit permit plaintiffs to proceed under a pseudonym when the balance between the plaintiffs' interest in anonymity is not outweighed by the public interest and any prejudice to the defendant. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) ("[W]e hold that when determining whether a plaintiff may be allowed to

maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant"). In *Sealed Plaintiff*, the Court set forth a non-exhaustive list of factors courts may consider, but held—relevant here—that the Court should consider "whether identification poses a risk of retaliatory physical or mental harm to the . . . party seeking to proceed anonymously" and "whether identification presents other harms and the likely severity of those harms . . . including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Id.* at 190 (cleaned up).

3. The complaint details the numerous ways in which basic safety at Columbia has broken down. There is a significant likelihood that in seeking redress for these harms, Plaintiff would be the subject of harassment, threats, or worse—that is, the injury that she seeks to remedy with the complaint. In these circumstances, it is entirely appropriate to seal Plaintiff's identity and information that would identify them.

4. Public disclosure of plaintiff's identity could lead to additional harassment, both online and in person, and could potentially endanger their physical safety. The nature of the threats already faced on campus against Jewish students, as detailed in the complaint, underscores the real and immediate risks associated with such disclosure.

5. Nor does sealing the Plaintiff's identity impact the public's ability to assess the factual and legal basis of the complaint. Few allegations in the complaint ultimately require sealing as a result of this motion, as the vast majority of the complaint concerns the public (and well-documented) situation on campus. The details of the Plaintiff's individual experience that identify them—while relevant—do not need to be exposed in order for the public to evaluate and understand the nature of the complaint.

6. Granting this motion would result in no prejudice to Defendant. Consistent with the foregoing, the allegations of the complaint are well-known to Defendant. Sealing Plaintiff's particular identity changes nothing about Defendant's case; on the other hand, if Plaintiff is unable to proceed under a pseudonym and seal the information that identifies them in the complaint and motion, there would be a significant chilling effect in their (or anyone's) ability to seek redress from the injuries caused by Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court grant this motion to seal their identity to prevent further harm and to ensure their safety, allowing them to pursue their legal rights without fear of retribution or victimization. Specifically, Plaintiff requests that they be permitted to proceed under a pseudonym and redact information in their complaint that would otherwise identify them, and that the Court grant any or alternative relief as may be appropriate and just.

Respectfully submitted,

C.S., individually and on
behalf of all others similarly situated,

Dated: April 29, 2024

By: /s/ Carrie Goldberg
*One of Plaintiff's Attorneys*

Jay Edelson*
jedelson@edelson.com
Ari J. Scharg*
ascharg@edelson.com
David I. Mindell*
dmindell@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Rafey S. Balabanian*
rbalabanian@edelson.com
EDELSON PC

150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.234.5342

*Admission *pro hac vice* to be sought

Carrie Goldberg
carrie@cagoldberglaw.com
C.A. GOLDBERG, PLLC
16 Court Street, 33rd Floor
Brooklyn, New York 11241
Tel: 646.666.8908