# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.S., individually and on behalf of all other similarly situated, | Case No. 1:24-CV-03232-AT-SN |
| *Plaintiff,* | **STIPULATION OF SETTLEMENT AND DISMISSAL** |
| v. | |
| THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, a New York corporation, | |
| *Defendant.* | |

**WHEREAS**, on April 29, 2024, Plaintiff C.S. filed (i) this putative Class Action Complaint against Defendant The Trustees of Columbia University in the City of New York ("Columbia" or the "University") on behalf of all Columbia students who switched to online learning on or around April 24, 2024, alleging that Columbia breached its contractual obligations by failing to provide a safe environment for its students, (ECF No. 1), and (ii) an Emergency Motion for Temporary Restraining Order ("TRO"), requesting that Columbia provide safe passage on campus for members of the putative class and a security escort where necessary (ECF No. 4);

**WHEREAS**, on April 29, 2024, the Court ordered the parties to appear for a hearing on the Emergency Motion for TRO on May 3, 3024 (ECF No. 12);

**WHEREAS**, the Court held a video status conference on April 30, 2024, at which time the parties reported that they were in active discussions concerning the necessary measures to address Plaintiff's emergency motion (*see* ECF No. 13), and the Court adjourned the hearing to May 7, 2024, to allow the parties time to continue those discussions (ECF No. 14);

1

**WHEREAS**, on May 6, 2024, the Court adjourned the hearing scheduled for May 7, 2024, to May 14, 2024, so that the parties could continue their discussions concerning the evolving state of Columbia's campus and appropriate response to Plaintiff's request for relief (ECF No. 19);

**WHEREAS**, on May 13, 2024, the Court further adjourned the hearing scheduled for May 14, 2024 to May 21, 2024, so that the parties could continue their discussions (ECF No. 29);

**WHEREAS**, Columbia does not disagree that it has an obligation to ensure that all of its students, including Jewish and Israeli students, feel safe on campus. Indeed, the "safety and security of [Columbia's] community is [its] highest priority, especially for [its] students," Statement from Columbia University President Minouche Shafik, Columbia Univ. (Apr. 29, 2024), https://president.columbia.edu/news/statement-columbia-university-president-minouche-shafik-4-29;

**WHEREAS**, Columbia has taken significant measures to protect student safety, including launching an enhanced reporting initiative, repeatedly restricting access to Morningside campus to Columbia University ID holders, limiting campus entry points, enhancing security along the perimeter of Columbia's campus with additional private security personnel, and increasing Public Safety strength by hiring an additional 111 safety personnel, *see, e.g.*, *Our Community, Our Values*, Columbia Univ. (Dec. 20, 2023), https://president.columbia.edu/news/our-community-our-values; *Enhanced Safety Measures at the Morningside Campus*, Columbia Univ. (Apr. 21, 2024), https://publicsafety.columbia.edu/news/enhanced-safety-measures-morningside-campus;

**WHEREAS**, in response to the continued unlawful encampment and the occupation of Hamilton Hall on the evening of April 29, 2024, Columbia again took the extraordinary measure of authorizing the New York Police Department to intervene to end the occupation of Hamilton Hall and dismantle the encampments on campus, *see A Message from President Minouche Shafik*,

Columbia Univ. (May 1, 2024) https://president.columbia.edu/news/message-president-minouche-shafik-5-1-24;

**WHEREAS**, the University requested that the New York Police Department retain a continuous presence on campus through at least May 17, 2024, in order to maintain order and ensure that the encampments are not reestablished, *see Letter to NYPD – Apr. 30*, Columbia Univ. (Apr. 30, 2024), https://publicsafety.columbia.edu/news/letter-nypd-apr-30;

**WHEREAS**, Columbia maintains and will maintain a Public Safety Escort Program that provides walking escorts to students on campus 24 hours a day, 7 days a week, *see Safety Escort Program*, Columbia Univ., https://publicsafety.columbia.edu/safetyescorts;

**WHEREAS**, through this matter and elsewhere, Columbia has received complaints about threats to safety on campus, including threats specifically targeting Jewish students, and review of those complaints and dialogue in connection with this litigation has been helpful in considering the best path toward handling the situation on campus;

**WHEREAS**, neither the named Plaintiff in this action nor Class Counsel ever sought fees or an incentive award in connection with this matter, and both waive their right to seek such awards (without concession by Columbia that such fees or an incentive award would be available);

**WHEREAS**, the parties now desire to resolve the issues raised in the Complaint and Emergency Motion for Temporary Restraining Order;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by the parties, through their undersigned counsel, as follows:

1.      Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff's Complaint is hereby DISMISSED with prejudice only with respect to her requests for declaratory, injunctive, and other forms of equitable relief and without prejudice as to all non-equitable claims

for relief.

2.      Plaintiff hereby WITHDRAWS her Emergency Motion for Temporary Restraining Order.

3.      Going forward, Defendant agrees to appoint a specific person to act as a Safe Passage Liaison to serve as the designated point of contact for Columbia students with safety concerns as a result of protest activity on Columbia's Morningside Campus, and to coordinate the response to any student requests for escorts in connection with the Public Safety Escort Program. That appointment will be made by June 15, 2024, and Defendant will keep the position filled through at least December 31, 2024.

4.      Defendant will maintain the Public Safety Escort Program to provide walking escorts from the border of campus to any requesting student's destination on campus, vice versa, and between destinations on campus, 24 hours a day and seven days per week through at least December 31, 2024.

5.      When the Columbia campus is otherwise open to members of the University community, the University's Chief Operating Officer, in consultation with the Safe Passage Liaison (along with any appropriate member of Public Safety and in consultation with other appropriate members of the University's administration), shall have authority to order that alternative access and egress points to and from campus or between campus buildings be opened as necessary to provide safe passage to students receiving security escorts when possible or when operationally feasible. The Liaison must, in consultation with appropriate University stakeholders, provide passage through alternative entrances as circumstances warrant, including by providing a safe entrance for students to enter campus when there is protest activity on campus or immediately outside the campus gates.

6.      The Safe Passage Liaison shall ensure that the Public Safety Escort Program is functioning as set forth in this Stipulation, and will meet with students concerned about their safety as a result of protest activity on Columbia's campus on a regular basis to discuss any issues that may arise.

7.      When access to the campus is restricted, students will be permitted to access their belongings on campus by requesting an escort through the Public Safety Escort Program, in consultation with the University administration and the respective deans of students. Students may access their belongings using this procedure, but must remain on campus no longer than necessary to retrieve their belongings. Students who are not permitted on campus for disciplinary reasons are not eligible for the procedure described in this paragraph.

8.      Any Columbia-affiliated person abusing the procedures set forth in this Stipulation in an effort to disrupt the services provided herein, or otherwise attempting to disrupt access to these services by students, may be subject to disciplinary proceedings.

9.      Any student who was unable to complete key assignments or exams due to campus access restrictions related to demonstration activity on campus and who wishes to seek an accommodation shall promptly, but no later than thirty (30) business days after the date of this Stipulation, submit a request for such accommodation to their respective instructor(s), detailing the nature of the assignment and the reasons why the student believes an accommodation is warranted. Instructors will consider requests from students seeking accommodations due to their inability to complete assignments or exams because of their lack of access to campus. Assuming that such requests are truthful and legitimate, the instructor, in consultation with appropriate administrators within the student's school or program as needed, will make a good-faith determination to provide appropriate accommodations in light of the known circumstances at the

time. A denial of a request to an instructor may be appealed by the student to the respective dean of students or program director. If an additional appeal is needed, it may be taken to the dean of the student's respective school.

10.     Plaintiff and Class Counsel firmly believe that open debate is critical, even when the subjects of those debates are strongly felt by each side and raise uncomfortable questions. Columbia concurs, and underscores its commitment to an academic tradition of free thought and open debate. Accordingly, Columbia will continue to work to facilitate opportunities for students and faculty to engage in safe, courteous, and constructive dialogue on the important issues that have been raised in recent months. Columbia will act reasonably and in good faith to support or, at the least, not interfere with efforts by students to sponsor or promote such forms of dialogue, including via safe, public debates within the University community.

11.     This Stipulation shall not be admissible in, nor is it related to, any other litigation or settlement negotiations, except to enforce the terms of this Stipulation and nothing in this Stipulation shall be deemed an admission of any fault or liability by either party.

12.     Paragraphs 3 through 10 of this Stipulation shall expire as of December 31, 2024. The parties agree that no later than six months from the date of this Stipulation, the parties shall meet and confer to address any concerns regarding either party's good faith performance of the terms of this Stipulation, including whether any extension of the Stipulation is warranted. If, at the expiration of this Stipulation, there are threats to student safety on campus in connection with protest activity, Defendant will work in good faith with Plaintiff and Class Counsel to either agree to extend the Stipulation or work to craft alternative relief. Any extension or alternative relief shall be made effective only at the written agreement of the parties. The Court will retain jurisdiction to resolve any disputes that may arise from the parties' meet and confer.

13.     This Stipulation will be executed by counsel on behalf of the parties. All counsel executing the Stipulation represent and warrant that they are authorized and empowered to execute the Stipulation on behalf of their clients, and that the signature of such counsel is intended to and does legally bind the clients of such counsel.

14.     A facsimile or electronic copy of the signatures below and of this Stipulation shall be considered the same as an original for the purposes of this Stipulation.

* * *

**IN WITNESS WHEREOF**, the parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of the date stated below.


**KAPLAN HECKER & FINK LLP**

By: /s/ Roberta A. Kaplan

Roberta A. Kaplan
Gabrielle E. Tenzer
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Telephone: (212) 763-0883
Email: rkaplan@kaplanhecker.com
Email: gtenzer@kaplanhecker.com

*Attorneys for Defendant The Trustees of*
*Columbia University in the City of New York*



DATED: June 4, 2024


**EDELSON PC**

By: /s/ Rafey S. Balabanian

Rafey S. Balabanian
150 California Street, 18th Floor
San Francisco, CA 94111
Telephone: (415) 212-9300
Email: rbalabanian@edelson.com

Jay Edelson
David I. Mindell
Ari Scharg
350 North LaSalle Street, 14th Floor
Telephone: (312) 589-6370
Email: jedelson@edelson.com
Email: dmindell@edelson.com
Email: ascharg@edelson.com

*Attorneys for Plaintiff C.S.*


DATED: June 4, 2024

7