USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/16/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| C.S., individually and on behalf of all other similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, a New York corporation,<br><br>*Defendant*. | Case No. No. 1:24-CV-03232-AT-SN |

Plaintiff C.S. and Defendant Trustees of Columbia University in the City of New York ("Defendant") (together, the "Parties") have agreed on a stipulation that will dismiss this action (the "Stipulation," attached hereto as Exhibit 1). Dismissal is proper under Federal Rule of Civil Procedure 41(a)(1)(ii).[1] The Parties submit this motion to respectfully request that the Court temporarily maintain jurisdiction over this action for the sole purpose of adjudicating any disputes arising from the Parties' meet-and-confer process, which shall occur no later than six months from the date of the Stipulation, at which time the Parties will address any concerns regarding either Party's good faith performance of the terms of the Stipulation, including whether any extension of the Stipulation, the provisions of which expire as of December 31, 2024, is warranted. *See* Ex. 1

---

[1]  Court approval of the Parties' Stipulation is not required under Federal Rule of Civil Procedure 23(e) because no class has been certified and the Stipulation does not compromise the rights of absent members of the putative class. *See* Settlement, Voluntary Dismissal, or Compromise of Class Actions—Purpose and Scope of Rule 23(e), 7B Fed. Prac. & Proc. Civ. § 1797 (3d ed.) ("[S]ettlements or voluntary dismissals that occur before class certification are outside the scope of subdivision (e)."); *Kaszovitz v. Qiao Xing Universal Res., Inc.*, 12 Civ. 3745 (RWS), 2012 WL 3224341, at *4 (S.D.N.Y. Aug. 7, 2012) ("[W]hen it comes to potential (as opposed to certified) class members, no court approval is necessary to effectuate a plaintiff's voluntary dismissal of his claim pursuant to Rule 41(a)(1).").

¶ 12.

As part of the Stipulation, Columbia has agreed to prospective relief responsive to Plaintiff's Complaint and Motion for Temporary Restraining Order, and Plaintiff will withdraw her Emergency Motion for Temporary Restraining Order and dismiss her equitable claims with prejudice and all other claims without prejudice. *See id.* ¶¶ 1-10. The Stipulation provides complete information about Columbia's commitments, which include the following:

    a.    Appointment of a "Safe Passage Liaison," who will serve as the designated point of contact for Columbia students with safety concerns as a result of protest activity on Columbia's Morningside Campus and coordinate the response to any student requests for escorts in connection with the Public Safety Escort Program through at least December 31, 2024, *id.* ¶ 3;

    b.    Maintenance of the Public Safety Escort Program to provide walking escorts across campus, 24 hours per day, and 7 days per week through at least December 31, 2024, *id.* ¶ 4;

    c.    When Columbia's campus is open to members of the University community, the University's Chief Operating Officer, in consultation with the Safe Passage Liaison and other campus stakeholders, will have authority to order alternative access and egress points to and from campus as necessary to provide safe passage to students receiving security escorts, when possible or when operationally feasible, *id.* ¶ 5;

    d.    A process for students, other than students who are otherwise not permitted on campus for disciplinary reasons, to access their belongings on campus when access is restricted, *id.* ¶ 7;

    e.    A process (and appeals process) for students who were unable to complete key assignments or exams due to campus access restrictions related to demonstration activity on campus and who wish to seek accommodations, *id.* ¶ 9; and

    f.    A continued commitment to the academic tradition of free thought and open debate,

*id.* ¶ 10.

The Stipulation provides for the Court to temporarily maintain jurisdiction over a narrow issue. Specifically, the Parties agree to reconvene no later than six months from the date of the Stipulation to address any concerns regarding either Party's good-faith performance of the Stipulation and whether an extension of the Stipulation is warranted. *Id.* ¶ 12. The Parties respectfully request that the Court retain jurisdiction to resolve any disputes arising from that meet-and-confer process.

Dated: June 4, 2024

Respectfully submitted,

By: /s/ Roberta A. Kaplan (with consent)

Roberta A. Kaplan
Gabrielle E. Tenzer
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
gtenzer@kaplanhecker.com

*Counsel for Defendant The Trustees of Columbia University in the City of New York*

Respectfully submitted,

By: /s/ Carrie Goldberg

Carrie Goldberg
carrie@cagoldberglaw.com
C.A. GOLDBERG, PLLC
16 Court Street, 33rd Floor
Brooklyn, New York 11241
Tel: 646.666.8908

Jay Edelson*
jedelson@edelson.com
Ari J. Scharg*
ascharg@edelson.com
David I. Mindell*
dmindell@edelson.com
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
Tel: 312.589.6370

Rafey S. Balabanian*
rbalabanian@edelson.com
EDELSON PC
150 California Street, 18th Floor
San Francisco, California 94111
Tel: 415.234.5342

*Admitted pro hac vice*

*Counsel for Plaintiff C.S.*

SO ORDERED.

Dated: July 16, 2024
         New York, New York

ANALISA TORRES
United States District Judge